PER CURIAM.
Defendant, Lester High, was tried by a judge and found guilty of a second offense of operating a vehicle while intoxicated. La.R.S. 14:98. He was sentenced as follows i[1]
“DWI — $500 & costs, or in default 125 days in jail and 125 compulsory days in jail.”
In our examination of the pleadings and proceedings below, following the submission of the case to us for decision, we have found ex proprio motu, the trial court imposed an illegal sentence requiring remand.
The penalty provision for a second conviction of La.R.S. 14:98 reads:
“On a second conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than five hundred dollars and shall be imprisoned for not less than one hundred twenty-five days nor more than six months.”
By imposing imprisonment upon defendant which in default of payment of the $500 fine totaled approximately eight months and ten days, the trial judge exceeded the penalty allowed.[2]
*217 For the reasons assigned, it is ordered the sentence be set aside and the case remanded to the Monroe City Court for the Parish of Ouachita for resentencing in conformity with the law.

. As recorded in the Minutes, January 15, 1973.

. See also La.C.Cr.P. Art. 884 which states in its pertinent part: “ * * * Where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense.”